RECEIVED

JAN 1 1 2023

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

ERIC HALL,

      PLAINTIFF,

V.

FRANDY GIBBS, CHRIS TRIPP, REBECCA
BOWKER, BRAD HOENIG, RODOLFO GONZALEZ,
BRANDEN FREEMAN, BRAD PETERSON, FRANDY
COFFMAN, ADAM BENDA, ANGELA PROLLER,
NICKY CLARK, NIKKI EAVES, JANE DOE (CLERK),
LADANA WILCOX, JOHN DOE (TRANS/CO/HSU),
JOHN DOE (TRANS/CO), JOHN DOE (TRANS/CO)
JOHN DOE (TRANS/CO),

      DEFENDANTS.

No. _____

PETITION AND
JURY DEMAND

    Now comes THE PLAINTIFF, ERIC HALL, PRO SE, FOR HIS PETITION AND JURY DEMAND STATES AND DEPOSES PURSUANT TO 42 U.S.C. 1983 THAT THE DEFENDANTS, EACH OF THEM ACTING UNDER COLOR OF STATE LAW DEPRIVING THE PLAINTIFF OF HIS RIGHTS SECURED BY THE STATE CONSTITUTIONAL AND FEDERAL STATUTARY LAW.

    THIS ACTION ARISES UNDER THE 1ST, 4TH, 8TH, AND 14TH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION. ACCORDINGLY, THIS COURT HAS JURISDICTION OVER THE SUBJECT MATTER OF THIS ACTION UNDER 28 U.S.C. 81331 (FEDERAL

(QUESTION JURISDICTION) AND 28 U.S.C. § 1343 (CIVIL RIGHTS JURISDICTION).

PLAINTIFF

1. PLAINTIFF, ERIC HALL, IS 47 YEARS OF AGE AND INCARCERATED AT THE IOWA STATE PENITENTIARY (ISP) CONFINED TO THE LONG TERM (INTENSIVE MANAGEMENT) RESTRICTIVE HOUSING.

DEFENDANTS

2. FORMER WARDEN (ISP) RANDY GIBBS, IN HIS OFFICIAL CAPACITY;

3. FORMER DEPUTY WARDEN (ISP) AND CURRENT WARDEN CHRIS TRIPP, IN HIS OFFICIAL CAPACITY;

4. EXECUTIVE OFFICER (ISP) REBECCA BOWKER, IN HER OFFICIAL CAPACITY;

5. TREATMENT DIRECTOR (ISP) BRAD HOENIG, IN HIS OFFICIAL CAPACITY;

6. UNIT MANAGER (ISP) BRAD PETERSON, IN HIS OFFICIAL CAPACITY;

7. UNIT MANAGER (ISP) BRANDEN FREEMAN, IN HIS OFFICIAL CAPACITY;

7. UNIT MANAGER (ISP) RODOLFO GONZALEZ, IN HIS OFFICIAL CAPACITY;

9. FORMER CAPTAIN (ISP) ADAM BENDA, IN HIS OFFICIAL CAPACITY;

10. FORMER CORRECTIONAL OFFICER (ISP) JOHN DOE (TRANSPORT/HEALTH SERVICE UNIT), IN HIS OFFICIAL CAPACITY;

11. FORMER CORRECTIONAL OFFICER (ISP) JOHN DOE (TRANSPORT), IN HIS OFFICIAL CAPACITY;

12. FORMER CORRECTIONAL OFFICER (ISP) JOHN DOE (TRANSPORT), IN HIS OFFICIAL CAPACITY;

13. FORMER CORRECTIONAL OFFICER (ISP) JOHN DOE (TRANSPORT) IN HIS OFFIC-
IAL CAPACITY;

14. COUNSELOR (ISP) ANGELA HOLLER, IN HER OFFICIAL CAPACITY;

15. COUNSELOR (ISP) NICKY CLARK, IN HIS OFFICIAL CAPACITY;

16. MAILROOM STAFF (ISP) NIKKI FAVES, IN HER OFFICIAL CAPACITY;

17. LEE COUNTY CLERK JANE DOE, IN HER OFFICIAL CAPACITY;

18. PROPERTY SGT (ISP) LADANA WILLCOX, IN HER OFFICIAL CAPACITY;

19. FORMER CORRECTIONAL OFFICER (ISP) RANDY COFFMAN, IN HIS OFFICIAL
CAPACITY.

## FACTUAL ALLEGATIONS

20. IOWA STATE PENITENTIARY (ISP) IS A MAXIMUM SECURITY FACILITY
OPERATED BY THE IOWA DEPARTMENT OF CORRECTIONS (D.O.C.) LOCATED AT 2111 330TH
AVENUE IN FORT MADISON, LEE COUNTY, IOWA.

21. THE SOLITARY CONFINEMENT WARD OF UNIT ONE (HU1) IS SPECIFICALLY
DESIGNED TO FOSTER MAXIMUM ISOLATION. THE PLAINTIFF AND OTHER INMATES IN THE SOLITARY
CONFINEMENT WARD ARE WAREHOUSED IN A 7'X14' CONCRETE CELL WITH THREE WINDOWS AND
NO COMPANIONSHIP, AND ARE ALLOWED ONE HOUR OUT OF THEIR CELLS, PER WEEKDAY, IF APPROVED.
ISP IS NOT REQUIRED TO ALLOW RECREATION OR MAKE UP FOR LOST TIME AT REC DUE TO HOLI-
DAYS, SEVERE WEATHER, OR INSTITUTION LOCKDOWN, THAT HAS LASTED WEEKS AND MONTHS AT
A TIME; SEVERAL TIMES A YEAR.

22. CERTAIN INMATES ON HU1 ARE SUBJECTED TO INTENSIVE MANAGEMENT
RESTRICTIVE HOUSING BASED ON THEIR WRITE-UPS. THERE IS A SHORT-TERM PROGRAM THAT

IS DESIGNED TO LAST 18 MONTHS LONG, AND A LONG-TEAM RESTRICTIVE PROGRAM (LTRH) THAT IS DESIGNED TO LAST 33 MONTHS LONG, VOTED IN VIA ISP EMPLOYEES KNOWN AS A COMMITTEE, CONSISTING OF THE PROGRAM DIRECTOR, UNIT MANAGER, COUNSELORS AND PSYCH-OLOGIST (OTHERS TAKE PART VIA SKYPE). THERE ARE SIX PHASES TO THE LTRH PROGRAM THAT LAST THREE TO SIX MONTHS LONG, PER PHASE, STARTING WITH PHASE ZERO. THE PROGRAM PHASES WILL BE STAYED AND RECYCLED WHEN AN INMATE IS GIVEN A WRITE-UP, AND OTHER INFRACTIONS AS A GROUP.

23. ENTERTAINMENT DEVICES, SUCH AS HOBBY, TV AND RADIOS ARE SUSPENDED FOR THE DURATION OF SOLITARY CONFINEMENT KNOWN AS INVESTIGATIVE SEG AND THEN DISABLIN-ARY DETENTION (DD). ENTERTAINMENT DEVICES ARE ALSO SUSPENDED UNTIL PHASE ONE, WHERE-AS THE INMATE BECOMES "ELIGIBLE" FOR ONE OF THEIR ELECTRONIC DEVICES, BASED ON COMPLE-TION OF HOMEWORK ASSIGNMENTS AND BEHAVIOR. THESE PRIVILEGES ARE ALSO SUSPENDED DURING ADDITIONAL WRITE-UP INVESTIGATION, DD; FOR THE WRITE-UP AND ADDITIONAL TIME THAT THE COM-MITTEE FEELS THAT THE INMATE SHOULD NOT BE ALLOWED THEIR PRIVILEGES, ON TOP OF THE WRITE-UP PUNISHMENT AND RECYCLED PHASE CONSEQUENCE.

24. ALL WRITE-UPS ARE A SEPERATE PUNISHMENT ADDED TO THE LOSS OF PRIVILEGES; FROM THE COMMITTEE AND INVESTIGATIVE SEG.

25. INMATES ARE NOT ALLOWED ADVOCATES (NEUTRAL PARTY) TO COLLECT SENS-ITIVE AND CONFIDENTIAL EVIDENCE, FOR THEIR DEFENSE, DURING A MAJOR WRITE-UP CASE, AT ISP.

26. WHILE IN SOLITARY CONFINEMENT INMATES RELY ON ISP OFFICIALS TO UPHOLD AND HONOR THE MAIL AND CONFIDENTIAL GRIEVANCE AVENUES. ISP INMATES HAVE NO OTHER OPTIONS.

27. INMATES IN SOLITARY CONFINEMENT ARE STRIP-SEARCHED IN THEIR

CELLS BEFORE BEING FORCED TO WALK, ACROSS THE ENTIRE DAYROOM, IN THEIR UNDERWEAR, IF THEIR (40") TOWEL DOES NOT WRAP AROUND THEIR WAISTS, DURING SHOWER DAYS, WHILE BEING TEATHERED TO A LEASH; UNTIL THE INMATE REACHES PHASE II, WERE THEY BECOME "ELIGIBLE" FOR THEIR SHORTS, IF THEY HAVE ANY IN THEIR PROPERTY. IF NOT THE INMATE MUST CONTINUE WALKING TO AND FROM THE SHOWER IN THEIR UNDERWEAR/TOWEL, TEATHERED TO A LEASH; UNTIL THEY COMPLETE THE PROGRAM.  8th amend violation.

28. TRANSPORTING FROM THEIR CELLS, FOR COURT, LTRH INMATES ARE STRIP-SEARCHED IN THEIR CELLS AND TRANSPORTED BY THREE CORRECTIONAL OFFICERS (COS), WITH THEIR HANDS CUFFED BEHIND THEIR BACK AND THEIR LEGS SHACKLED. ONE OF THE THREE COS WILL CARRY THE INMATES LEGAL STUFF.

29. ON OR ABOUT SEPTEMBER 7, 2020 THE PLAINTIFF WAS GIVEN LOSS OF PHONE AND MAIL FOR 365 DAYS WITHOUT JUSTIFICATION. THE MAJOR WRITE-UP GIVEN WAS APPEALED AND THE SANCTIONS WOULD NOT BE STAYED DURING THE APPEAL PROCESS, AS ADDRESSED IN THE ISP RULE BOOK, GIVEN, PER IOWA D.O.C. POLICIES AND PROCEEDURES.

30. BETWEEN OCTOBER 1, 2020 AND OCTOBER 5, 2020 THE PLAINTIFF WOULD NOT BE ALLOWED HIS BREATHER PRIVILEGE, DURING HIS BREATHER, BY GONZALEZ, REQUIRED BY LAW, WITHOUT JUSTIFICATION.

31. BETWEEN DECEMBER 1, 2020 AND DECEMBER 10, 2020 COUNSELOR ROLLER REFUSED TO GIVE THE PLAINTIFF HIS PETITION, FOR POST CONVICTION RELIEF (P.C.R.); UNJUSTIFIED SANCTIONS, LOSS OF PHONE/MAIL; THAT WAS SEALED IN A LEGAL LETTER FROM THE LEE COUNTY CLERK, RESULTING IN A DELAY FOR TURNING IN THE P.C.R. PETITION, RESULTING IN BARRING THE PLAINTIFF OUT OF SEEKING RELIEF FROM THE COURTS. 4th AMEND VIOLATION.

32. BETWEEN DECEMBER 15, 2020 AND FEBRUARY, 2022 THE PLAINTIFF'S LETTER TO PREA (EXHIBIT A) IS CONSEALED BY THE DEFENDANTS. THE PLAINTIFF SENT

THE SAME EXACT LETTER (EXHIBIT A) TO PREA OVER 12 TIMES BEFORE THE PLAINTIFF WOULD GET ONE RESPONSE. THE LETTER WAS PROPERLY MAILED, VIA ISP, PER IOWA D.O.C. POLICY AND PROCEEDURES, AND INTENTIONALLY CONCEALED BY THE DEFENDANTS WITHOUT JUSTIFICATION.

33. DURING THE APRIL, 2021 REVIEW THE PLAINTIFF ASKED TO BE KEPT SEPERATE FROM INMATE LARRY BELL. CAPTAIN BENDA INTENTIONALLY LIES TO THE PLAINTIFF, IN FRONT OF THE ENTIRE COMMITTEE (AND SKYPE), AS TO BELL'S LOCATION. THE PLAINTIFF COULD THEN BE THREATENED PHYSICAL HARM, ON CAMERA (AT HIS CELL DOOR), IF THE PLAINTIFF DID NOT MOVE TO THE UNIT WITH BELL IN IT. 8TH AMENDMENT VIOLATION.

34. AROUND ABOUT APRIL 28, 2021, A RAZOR IS PLANTED IN WITH THE PLAINTIFF'S LEGAL PROPERTY AS THE PLAINTIFF WAS BEING TRANSPORTED OUT OF ISP FOR TRIAL. THE RAZOR WAS INTENTIONALLY PLACED IN WITH THE PLAINTIFF'S LEGAL PROPERTY AFTER HE LEFT HIS CELL, FOR TRANSPORT, BY THE DEFENDANTS. 8TH AMENDMENT VIOLATION.

35. BETWEEN MAY 28, 2021, AND JULY 1, 2021, THE PLAINTIFF'S A.C.L.U. LETTER (EXHIBIT B) IS CONCEALED BY THE DEFENDANTS. THE PLAINTIFF SENT THE SAME EXACT LETTER (EXHIBIT B) TO A.C.L.U. 19 TIMES BEFORE THE PLAINT- IFF WOULD GET ONE RESPONSE. THE LETTERS WERE INSPECTED, SEALED AND SIGNED BY THE CO'S, SGTS AND CAPTAIN, AT THE PLAINTIFF'S CELL DOOR PRIOR TO BEING SENT OUT, PROPERLY, PER IOWA D.O.C. POLICY AND PROCEEDURES, AND INTENTIONALLY CONCEALED BY THE DEFENDANTS WITHOUT JUSTIFICATION. THIS, IS A VIOLATION OF THE PLAINTIFF'S 1ST AMENDMENT.

36. AROUND ABOUT NOVEMBER 23, 2021 THE PLAINTIFF ATTEMPTED TO SEND OUT A 37 PAGE LETTER, CERTIFIED, TO ONE STEPHAN ROSENBAUM (D.C.) AND WAS INTENTIONALLY DENIED THIS RIGHT, BY FINES, WITHOUT JUSTIFICATION. THE LETTER, TO ROSENBAUM, WOULD INCLUDE EXHIBITS A & B AND OTHER EVIDENCE/GRIEVANCE

COPIES BACKING UP THE ALLEGATIONS ENCLOSED, IN THIS PETITION, AND WAS PROPERLY MAILED. PER IOWA D.O.C. POLICY AND PROCEEDURES. THE PLAINTIFF ATTEMPTED TO SEND THIS LETTER OUT, TO ROSENBAUM, ON THREE OTHER OCCASIONS, PRIOR TO, WITHOUT A RESPONSE, SO THE PLAINTIFF ATTEMPTED TO SEND THE 37 PAGE LETTER OUT CERTIFIED, AND WAS INTENTIONALLY DENIED WITHOUT JUSTIFICATION. 1ST AND 8TH AMEND VIOLATION.

37. BETWEEN NOVEMBER 23, 2021, AND NOVEMBER 29, 2021, BOWKER INTENTIONALLY INTERCEPTS AND MANIPULATES THE PLAINTIFF'S ATTEMPTS TO FIND RESOLUTION WITH OTHER ISP OFFICIALS, PER IOWA D.O.C. POLICY AND PROCEEDURES, WITHOUT JUSTIFICATION. BOWKER WOULD CROSS NAMES OFF OF THE PLAINTIFF'S ATTEMPTS AND ADDED HOW THE PLAINTIFF'S "ATTEMPTS WILL NOT BE ENTERTAINED OR TOLERATED", VIOLATING THE PLAINTIFFS ATTEMPTS TO FIND RESOLUTION. 4TH AND 8TH AMENDMENT VIOLATION.

38. BETWEEN JANUARY, 2022 AND FEBRUARY 15, 2022 COUNSELOR CLARK INTENTIONALLY LIES TO THE PLAINTIFF TO TRICK THE PLAINTIFF OUT OF TWO WEEKS OF HIS PROGRAMMING AND PROGRAM NEEDS. CLARK TELLS THE PLAINTIFF THAT HE "FORGOT HIS ASSIGNMENT" FOR THE WEEK, AND THAT HE WOULD SIMPLY "DOUBLE-UP" THE NEXT WEEKS ASSIGNMENTS, ON THE NEXT FRIDAY (THE DAY THAT THE ASSIGNMENTS ARE HANDED OUT). THE NEXT FRIDAY CLARK REVEALS TO THE PLAINTIFF THAT THE PLAINTIFF DID NOT GET HIS ASSIGNMENTS BECAUSE HE MISSED HIS REVIEW. THE PLAINTIFF FILES A GRIEVANCE ON HOW CLARK LIED TO HIM, TO TRICK THE PLAINTIFF OUT OF HIS PROGRAMMING. THE DAY AFTER THE PLAINTIFFS GRIEVANCE IS FILED (TUESDAY) CLARK SLIDES THE PLAINTIFF'S TWO MISSING ASSIGNMENTS UNDER THE PLAINTIFF'S CELL DOOR. THE TWO ASSIGNMENTS ARE DATED FOR THE FRIDAYS THAT THE PLAINTIFF WAS SUPPOSED TO HAVE BEEN GIVEN THE ASSIGNMENTS; DOCTORED BY CLARK TO INTENTIONALLY COVER HIS TRACKS. DURING THE NEXT REVIEW CLARK CALLS THE PLAINTIFF A LIAR, IN FRONT OF THE ENTIRE COMMITTEE, AND THEN TELLS THE COMMITTEE THAT THE PLAINTIFF "MADE EVERYTHING UP". THE ACTIONS BY CLARK WERE NOT PREVOKED OR JUSTIFIED. 8TH AMENDMENT VIOLATION.

39. Around about March 13, 2022 Clark informs the Plaintiff that he will not be getting over $85 worth of his property. Clark informs the Plaintiff that these items were considered destroyed/abandoned because of how the Plaintiff refused to appeal a notice given to him; to destroy or send out. The Plaintiff was finally able to request these items after reaching Phase II. The $85 worth of property was brand new/never used and were added to the Plaintiffs property properly, per Iowa D.O.C. policy and proceedures. The notice was never given to the Plaintiff and was conseated by the Defendants without justification.

40. Between April, 2022, and May, 2022, the Defendants intentionally conseal the letter that the Plaintiff attempted to send, to one Denise Hlasen (Germany), without justification. The letter was properly sent, per Iowa D.O.C. policy and proceedures, and would include how the Plaintiff is being mistreated by the Defendants, at ISP; addressed in these allegations. As a result the Plaintiff would file another grievance, on Hlasen's missing letter.

41. From June 29, 2022, the Plaintiff would be denied the ability to mail art out, as a result of the missing letter (to Hlasen) grievance. The Plaintiff would have to file another grievance, for being denied to send his art out, exhaust the grievance/appeal; including having to wait for Hoenig to leave and return from his vacation, before being able to send one letter with art in it to Hlasen (August 9, 2022). Meanwhile all of the other inmates on the Plaintiffs unit were allowed to send their art out without issues. The Plaintiff sent his art out properly, per Iowa D.O.C. policy and proceedures and was denied this privilege by the Defendants without justification. 1st and 8th Amendment violation.

42. Around about July 1, 2022, another letter to Hlasen is intent-

ionally concealed by the Defendants without justification. Pleasen's letter was properly sent, per Iowa D.O.C. policy and procedures and would include how the Defendant's are intentionally violating the Plaintiffs' rights,- addressed in these allegations. This is a violation of the Plaintiffs 1st amendment.

## In conclusion

43. The Plaintiff is expected to find resolution via grievances, ISP officials, Ombudsman's office and other civilways required by the Iowa D.O.C. policy and procedures; when he feels that he is being mistreated. When he does, the avenues provided are ignored and manipulated and the Plaintiff would be mistreated even more, and retaliated against for attempting to find resolution,- by the Defendants, without justification.

44. Starting in August, 2020, the Plaintiff is forced to walk across his unit in his underwear / towel while being teathered to a leash, on shower days. The Plaintiff's mail is consistantly sabataged, compromised, consealed, manipulated and violated by the Defendants, maliciously,- ignoring and violating their own rules, laws, policies and procedures, without justification. The Defendants force the Plaintiff in to their long term restrictive housing (LTRH) program then deny, trick, stall and recycle his phases to extend and prolong his program repeatedly, while threatening the Plaintiff physical harm and destroying his personal property. When the Plaintiff would attempt to utilize his right to find resolution, for this kind of treatment, the Defendants would use their government jobs to get the Plaintiff to react ~~negitively~~ IN A NEGITIVE way; to justify more punishment. When the Plaintiff refused to react, negitively, dangerous materials (razor) is planted on the Plaintiff while he is surrounded by 3 co's, with his hands cuffed behind his back, on his way out to trial. Despite the malice the Plaintiff pushed foreward and exhausted all available remedies.

RELIEF REQUESTED

"WHEREFORE THE PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF:

1. DECLARE THAT THE DEFENDANTS VIOLATED THE PLAINTIFF'S 1ST, 4TH, 8TH, AND 14TH AMENDMENT RIGHTS AFFORDED HIM UNDER THE UNITED STATES CONSTITUTION;

2. ISSUE INJUNCTIONS OF PROTECTION FOR THE PLAINTIFF, AGAINST THE DEFENDANTS;

3. $250,000 °° COMPENSATORY DAMAGES, FROM EACH DEFENDANT;

4. $250,000 °° PUNITIVE DAMAGES, FROM EACH DEFENDANT, AND ANYTHING ELSE THAT THE COURT FEELS NECESSARY AND DEEMS PROPER.

Eric Hall #6117780

January 3, 2023

SUBSCRIBED AND SWORN BEFORE ME ON THIS 3rd DAY OF January, 2023.

MY COMMISSION EXPIRES 7 / 1 / 2024

NOTARIAL SEAL
IOWA
ZEBULON BUTLER
Commission Number 832854
My Commission Expires
July 01, 2024

Zebulon Butler

NOTARY PUBLIC IN AND FOR THE STATE OF IOWA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

ERIC HALL,

     PLAINTIFF,

V.

RANDY GIBBS, ET. AL.,

     DEFENDANTS.

No._____

SUMMONS

YOU ARE HEREBY SUMMONED AND REQUIRED UPON THE PLAINTIFF, ERIC HALL, WHOSE ADDRESS IS ISP, 2111 330TH AVENUE, FORT MADISON, IA., AN ANSWER TO THE COMPLAINT THAT IS HERE WITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THE SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE JUDGEMENT.

Eric Hall # 6117780

CLERK OF COURT

RECEIVED

JAN 1 1 2023

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Dear Clerk:

Enclosed you will find a notarized petition with exhibits A & B for the court, a notarized petition with exhibits A & B to serve on the Defendants and a notarized petition with exhibits A & B, notarized affidavit, motion for appointment of counsel, notarized in forma pauperis, authorization to pay fees, summons and a copy of inmate accounts for the past six months that need to be submitted for the record please.

Thank you for your time.
           Sincerely,
Eric Hall # 6117756
January 3, 2023



Eric Hall #0117766
ISP
P.O. Box 316
Fort Madison, IA. 52627

Clerk of U.S. District Court
Southern Judicial District
123 E. Walnut
P.O. Box 9344
Des Moines, IA. 50319